UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Zack B. Brown,   #08667-039, | ) C/A No.: 3:11-2080-CMC-JRM |
|                         Plaintiff, | ) |
| vs. | ) |
| | ) Report and Recommendation |
| Nikki Haley, | ) |
| in her official capacity as Governor; | ) |
| State of South Carolina Vital Records; and | ) |
| Commissioner, S.C.D.H.E.C., Vital Records, | |
|                         Defendant(s). | |

_____

Plaintiff Zack B. Brown, proceeding *pro se*, files this action pursuant to 42 U.S.C. § 1983. Plaintiff is a federal prisoner incarcerated at FCI-Fort Dix in New Jersey. Plaintiff has paid the full filing fee. The Plaintiff is suing Nikki Haley, Governor of the State of South Carolina, and the South Carolina Office of Vital Records, which is part of the South Carolina Department of Health and Environmental Control. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge.

Plaintiff alleges he was born in Camden in 1946, attended Morehouse College, taught school in South Carolina upon his graduation, and later earned a medical degree from Meharry Medical School. Plaintiff states he practiced medicine in Detroit for over thirty years. He is currently serving a federal sentence for Medicare and Health Care Fraud.

The Plaintiff alleges that a copy of his birth certificate is being denied him without due

process under the Fourteenth Amendment based on his race. He also alleges family members have visited and/or called the Vital Records office on his behalf, but have been treated "rudely and with disrespect." He also alleges an unidentified state employee of the Governor's office said the following to a family member:

> Listen, this is the Governor's Office and she holds Town Hall meeting every month in each county and you will have to watch the newspaper for your county posting. When it happens, you can appear at the Town Hall meeting and voice your opinion or ask questions. But, I am telling you the Governor will not be able to help you with any birth certificate; that is not what she does. If this person that you are speaking of was indeed born in South Carolina, the State has a record on him. But, back in the 1940's and before; even before the 1950's, 90% of all 'n[*****]s' born, especially in the South were delivered by midwives and some could not read or write; and being so ignorant, they did not file birth record reports: So, don't you call here telling me about any civil or constitutional rights of some 'coon' in federal prison who wants his birth certificate. We don't have time for such foolishness and you are in the wrong office. You need to call South Carolina Vital Records who handles birth certificates, not the Governor, and their number is (803) 898-3630, so bug them and not the Governor. They don't hand out birth certificates because some poor son of a b[****] sits in prison and decides he wants a birth certificate and told you to bug us. I frankly am not in the mood to be harassed today; so you have a good day.

Complaint at ___.

The Plaintiff alleges he was asked by Vital Records to submit certain documents and pay fees, which he claims he has done, although, there are portions of the Complaint where Plaintiff indicates he has not provided ten years of driving records or his children's birth certificates. Plaintiff maintains he has made requests for his birth certificate for over twelve months but has been "answered with a group of lies or racist slurs and epithets." Plaintiff alleges that this treatment has caused him to become sick with hypertension and other illnesses. Plaintiff also alleges that he has spent over $1500 to $2000 dollars in an attempt

to obtain a copy of his birth certificate. He seeks declaratory and injunctive relief, three million dollars in damages from Governor Haley, and nominal, compensatory, and punitive damages against each Defendant.

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § 1915A,[1] and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980). When a federal court is evaluating a *pro se* complaint, the Plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630 n.1 (4th Cir. 2003). Nevertheless, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Soc. Servs.*, 901 F.2d 387(4th Cir. 1990). Thus, even under this less

---

[1] District courts are to employ section 1915A's screening mechanism to "all suits by prisoners, whether or not they seek to proceed *in forma pauperis*." *Gladney v. Pendleton Corr. Facility*, 302 F.3d 773, 775 (7th Cir. 2002); *see Green v. Young*, 454 F. 3d 405, 407 (4th Cir. 2006).

stringent standard, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915A.

Plaintiff appears to be attempting to assert claims on behalf of his family member who allegedly experienced racist and rude comments from an employee of the Governor's office. He also may be attempting to assert claims on behalf of similarly-situated persons who have not been able to obtain a birth certificate. Plaintiff, however, cannot assert a claim on behalf of others. *See Laird v. Tatum*, 408 U.S. 1 (1972); *see also Valley Forge Christian Coll. v. Americans United for Separation of Church & State*, 454 U.S. 464, 482 (1982); *Flast v. Cohen*, 392 U.S. 83, 99 (1968)(a district court, when determining whether a plaintiff has standing to sue, must focus on the status of the party who has filed the complaint, such that the merits of the case are irrelevant); *Lake Carriers Ass'n v. MacMullan*, 406 U.S. 498, 506 (1972); *Hummer v. Dalton*, 657 F.2d 621, 625-626 (4th Cir. 1981 )(a prisoner cannot act as a "knight-errant" for others). *Cf. Oxendine v. Williams*, 509 F.2d 1405, 1407 & n. * (4th Cir. 1975)(a pro se prisoner cannot be an advocate for others in a class action); and *McNeil v. Guthrie*, 945 F.2d 1163, 1164 & nn. 1-2 (10th Cir. 1991).

The defendant "State of South Carolina Vital Records," which is part of the South Carolina Department of Health and Environmental Control, is an agency of the State of South Carolina. The Eleventh Amendment to the United States Constitution divests this court of jurisdiction to entertain a suit brought against the State of South Carolina or its integral parts.[2]  See *Alden v. Maine*, 527 U.S. 706, 713 (1999)(immunity "is a fundamental aspect of

---

[2]  The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."

the sovereignty which the States enjoyed before the ratification of the Constitution, and which they retain today...except as altered by the plan of the Convention or certain constitutional Amendments."); *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 76 (1996)(Eleventh Amendment prohibits Congress from making the State of Florida capable of being sued in federal court); and *Blatchford v. Native Village of Noatak and Circle Village*, 501 U.S. 775, 786 (1991)(Congressional power to abrogate Eleventh Amendment immunity can only by exercised by clear legislative intent). *See also Federal Maritime Commission v. South Carolina State Ports Auth., et. al.*, 535 U.S. 743, 743 (2002)(state sovereign immunity precluded Federal Maritime Commission from adjudicating a private party's complaint against a non-consenting State).

Although the language of the Eleventh Amendment does not explicitly prohibit a citizen of a state from suing his own state in federal court, the Supreme Court in *Hans v. Louisiana*, 134 U.S. 1 (1889), held that the purposes of the Eleventh Amendment, *i.e.*, protection of a state treasury, would not be served if a state could be sued by its citizens in federal court. Thus, the Eleventh Amendment bars such suits unless the State has waived its immunity[3] or unless Congress has exercised its power under § 5 of the Fourteenth Amendment to override that immunity. When §1983 was passed as part of the Civil Rights Act of 1871, Congress did not interject any language in the Act which would specifically

---

[3] The State of South Carolina has not consented to suit in a federal court. *See* S. C. Code Ann. § 15-78-20(e)(1976) which expressly provides that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another State.

override the immunity of the states provided by the Eleventh Amendment. Consequently, a claim brought pursuant to 42 U.S.C. §1983 does not override the Eleventh Amendment. *See Quern v. Jordan*, 440 U.S. 332, 343 (1979).

Additionally, the clear language of § 1983 requires that a "person" may be sued by another where a deprivation of constitutional rights can be shown. In the case of *Will v. Michigan Department of State Police*, 491 U.S. 58, 109 (1989), the Supreme Court analyzed the interplay between § 1983 and the Eleventh Amendment of the Constitution, and expressly held that the states are not "persons" within the meaning of § 1983. Because the Eleventh Amendment provides an absolute immunity for the states against all suits, the "person" referred to in § 1983 cannot include a state or any divisions of a state.

Furthermore, although the Plaintiff has filed the above-captioned case under 42 U.S.C. § 1983, a portion of the relief which he has requested, to compel Defendant Haley and the Commissioner of the State of South Carolina's Division of Vital Records to issue him a birth certificate, is in the nature of a mandamus action. Mandamus relief is available only when the petitioner has a clear right to the relief sought. *In re First Fed. Sav. & Loan Ass'n*, 860 F.2d 135, 138 (4th Cir. 1988). Circuit precedents teach that a writ of mandamus is a drastic remedy and should be used only in extraordinary circumstances. *Kerr v. United States Dist. Court*, 426 U.S. 394, 402 (1976); *In re Beard*, 811 F.2d 818, 826 (4th Cir. 1987). The writ of mandamus is infrequently used by federal courts, and its use is usually limited to cases where a federal court is acting *in aid of its own jurisdiction* (emphasis added). *See* 28 U.S.C. § 1361; and *Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 587-588 & nn. 2-4 (4th Cir. 1969).

In *Gurley v. Superior Court of Mecklenburg County supra*, a state prisoner sought a writ of mandamus to compel the Superior Court of Mecklenburg County (North Carolina) to prepare a free transcript. The district court in *Gurley* denied the relief sought by the prisoner. On appeal in *Gurley*, the United States Court of Appeals for the Fourth Circuit concluded that it was without jurisdiction to issue a writ of mandamus because it exercised no supervisory authority over the courts of the State of North Carolina. The Court also held that, if the prisoner's petition were treated as an appeal from the district court's order denying the issuance of the writ, the district court did not have authority to issue a writ of mandamus: "Even if we were to liberally construe this petition as an appeal from the denial of the issuance of a writ of mandamus by the District Court[,] we still have no jurisdiction for the reason that the District Court was also without jurisdiction to issue the writ." *Gurley v. Superior Court of Mecklenburg County*, *supra*, 411 F.2d at 587. Since Defendant Haley and the Commissioner of Vital Records are state officials, the United States District Court for the District of South Carolina does not have jurisdiction to grant mandamus relief because it does not exercise supervisory authority over them. As for Plaintiff's request for monetary damages, this type of relief may not be sought against government actors in their official capacity. *Will* 491 U.S. at 71. Plaintiff is not without a remedy. He may file suit in a South Carolina Court of Common Pleas.

Additionally, Plaintiff has not made any specific allegations concerning Governor Haley and appears to be suing her based on a theory of supervisory or vicarious liability. It is well-settled that the doctrine of vicarious liability and the doctrine of respondeat superior are not applicable in § 1983 actions. *Vinnedge v. Gibbs*, 550 F.2d 926, 927-929 (4th Cir.1977); *see Polk*

*County v. Dodson,* 454 U.S. 312, 325 (1981) ("Section 1983 will not support a claim based on a respondeat superior theory of liability.")(citing *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978)). Section 1983 liability on the part of a supervisory defendant requires a showing that the supervisory defendant tacitly authorized or was indifferent to the employee's actions which violated constitutional rights. *Miltier v. Beorn*, 896 F.2d 848 (4th Cir.1990). Here, Plaintiff has not alleged such actions or inactions by Defendant Haley.

## **RECOMMENDATION**

Accordingly, it is recommended that this matter be dismissed *without prejudice* and without issuance and service of process.

Joseph R. McCrorey
United States Magistrate Judge

October 19, 2011
Columbia, South Carolina

***Plaintiff's attention is directed to the important notice on the next page.***

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).