IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Zack B. Brown, )<br>                Plaintiff, )<br>                          )<br>   vs. )<br>                          )<br>Nikki Haley, in her official capacity as )<br>Governor; State of South Carolina Vital )<br>Records; and Commissioner, S.C.D.H.E.C, )<br>Vital Records, )<br>                Defendants. )<br>                          ) | C.A. No. 3:11-2080-MBS<br><br>**ORDER AND OPINION** |

Plaintiff Zack B. Brown ("Plaintiff") filed this pro se action pursuant to 42 U.S.C. § 1983 alleging that Defendants violated his due process rights by denying him a copy of his birth certificate. In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, D.S.C., the within action was referred to United States Magistrate Judge Joseph R. McCrorey for pretrial handling.

**Background**

Plaintiff is an African American male. Plaintiff alleges he was born in Camden, South Carolina in 1946. Plaintiff attended Morehouse College in Atlanta, Georgia. Subsequently, Plaintiff earned a medical degree from Meharry Medical School in Nashville, Tennessee. Plaintiff practiced medicine in Detroit, Michigan for over thirty years, prior to his 2007 conviction for health care fraud. Plaintiff is currently serving a 200-month federal prison sentence at FCI-Fort Dix in New Jersey. While incarcerated, Plaintiff contacted Defendants in an attempt to obtain a copy of his birth certificate. Plaintiff also solicited the help of his family members in contacting Defendants. Ultimately, Plaintiff did not receive a copy of his birth certificate.

On August 8, 2011, Plaintiff filed the instant complaint. Plaintiff paid the full filing fee. Plaintiff alleges he has been denied his birth certificate without due process under the Fourteenth Amendment. He further alleges that Defendants have treated him and his family with disrespect based on his race. Plaintiff alleges that he was asked by Defendant State of South Carolina Vital Records ("Defendant Vital Records Department") to submit certain documents and pay certain fees, which he claims he has done. Elsewhere in the complaint, Plaintiff indicates that Defendant Vital Records Department had requested ten years of driving records and his children's birth certificates, which Plaintiff states he has not provided because he deems those materials irrelevant. Plaintiff further alleges that his family members have made many requests to Defendant Vital Records Department in an attempt to obtain Plaintiff's birth certificate and that they were met with rudeness and disrespect. Plaintiff further alleges that he complained to Defendant Commissioner, S.C.D.H.E.C., Vital Records ("Defendant Commissioner") about his difficulty with Defendant Vital Records Department, but that Defendant Commissioner ignored his letters and phone calls.

One of Plaintiff's family members inquired about Plaintiff's birth certificate with a state employee working in the Office of the Governor, Defendant Nikki Haley ("Defendant Haley"). Plaintiff contends that this employee refused to give his name and stated that Defendant Haley's office does not issue birth certificates and that S.C.D.H.E.C. is the correct place to obtain this. Plaintiff alleges that when his family member indicated to the state employee that Defendant Vital Records Department, the relevant department within S.C.D.H.E.C., had not been cooperating, the employee began an angry tirade in which he referred to Plaintiff as a "coon in federal prison," "son of a b****" and stated that "before the 1950's, 90% of all n**gers born, especially in the South were delivered by midwives and some could not read or write; and being

so ignorant, they did not file birth record reports." Plaintiff alleges that he wrote to Defendant Haley's office numerous times regarding his inability to obtain his birth certificate but received no response.

Plaintiff states that Defendants' refusal to provide him with his birth certificate is preventing him from being released from federal prison.[1] Furthermore, Plaintiff states that he spent $1,500.00 to $2,000.00 trying to obtain his birth certificate and that the poor treatment by Defendants caused him to become ill with hypertension. Plaintiff seeks declaratory and injunctive relief; $3,000,000.00 in damages assessed against Defendant Haley; and nominal, compensatory, and punitive damages assessed against each Defendant.

*Magistrate Judge's Findings*

The Magistrate Judge reviewed the complaint pursuant to the procedural provisions outlined in 28 U.S.C. § 1915(A). Pursuant to §1915(A), the court can dismiss a prisoner's complaint against a governmental entity or officer of a governmental entity without the issuing of a summons if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted. The Magistrate Judge noted that §1915(A)'s screening mechanism is applicable to all prisoner suits against governmental entities, regardless of whether or not the prisoner proceeds in forma pauperis. See Green v. Young, 454 F.3d 405, 407 (4th Cir. 2006).

The Magistrate Judge found that Defendant Vital Records Department is an agency of the State of South Carolina and accordingly is immune to suit in federal court by a citizen of any state pursuant to the Eleventh Amendment. See U.S. Const. amend. XI; see also Hans v. Louisiana, 134 U.S. 1 (1889). Additionally, the Magistrate Judge stated that the clear language of § 1983 requires that a "person" be sued, noting that a state agency was not a "person" within

---

[1] Plaintiff fails to explain how his inability to obtain a birth certificate is what is keeping him in federal custody. It appears that Plaintiff continues to be in federal custody because his federal prison sentence extends until 2021.

3

the meaning of § 1983.  See Will v. Michigan Department of State Police, 491 U.S. 58 (1989). As for Plaintiff's request for monetary damages against Defendant Haley and Defendant Commissioner, the Magistrate Judge found that this type of relief may not be sought against government actors in their official capacity.  See id. at 71.

With regard to Plaintiff's request for injunctive relief, wherein he requested that the court compel Defendants to issue Plaintiff his birth certificate, the Magistrate Judge construed the request to be a mandamus action.  The Magistrate Judge noted that mandamus relief is not available in this case because the court does not have supervisory control over a state employee. The Magistrate Judge cited to Gurley v. Superior Court of Mecklenburg County, 411 F.2d 586 (4th Cir. 1969), for the proposition that federal courts are without jurisdiction to issue a writ of mandamus compelling a state employee to act.  Id. at 587.

## Discussion

### *Standard of Review*

The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight.  The responsibility for making a final determination remains with this court.  Mathews v. Weber, 423 U.S. 261, 270 (1976).  The court is charged with making a de novo determination of those portions of the report or specified proposed findings or recommendations to which an objection is made.  The court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge.  The court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

### *Plaintiff's Objections*

Plaintiff's first objection is that he never consented to having a Magistrate Judge rule on

4

any portions of his case. Plaintiff's objection is without merit, because the Magistrate Judge did not rule on any portion of his case. As stated above, the Magistrate Judge only makes a recommendation to this court which recommendation has no presumptive weight. This court has conducted a de novo review of Plaintiff's complaint.

Plaintiff's second objection is that the Magistrate Judge misinterpreted the Eleventh Amendment, because the constitutional text itself does not include the word "absolute immunity." Furthermore, Plaintiff objects to an interpretation of the Eleventh Amendment that permits the United States government to sue state governments and state officials but does not permit state citizens to do the same. Plaintiff's objection is without merit. The Magistrate Judge correctly noted that state governments are immune from any suit brought in federal court by an individual state citizen.

Plaintiff's third objection is that a writ of mandamus is not at issue in this case and has no bearing on the matter before the court. Plaintiff fails to explain why his claim is not essentially a mandamus action, in light of the fact that he is requesting the court to compel state government employees. The court agrees with the Magistrate Judge's finding that Plaintiff is requesting a writ of mandamus and that the court is without jurisdiction to issue a writ of mandamus to compel a state employee to act.

Plaintiff fourth objection is that the Magistrate Judge "misquotes" 28 U.S.C. § 1915(A) as permitting him to rule on his case. Plaintiff's objection is without merit. The Magistrate Judge correctly cited §1915(A) and as stated before, the Magistrate Judge has made no ruling as to Plaintiff's complaint.

Plaintiff's fifth objection is that his complaint should be titled a "<u>Bivens</u>" action because he is in federal custody. Plaintiff's objection is without merit. The operative question is what

5

type of Defendant, federal or state entity, is being sued. Since Plaintiff was suing the state government and state government officials, the Magistrate Judge correctly construed Plaintiff's action as being filed pursuant to 42 U.S.C. § 1983.

Plaintiff's sixth objection is that the Magistrate Judge's finding that a state cannot be subject to suit pursuant to the Eleventh Amendment is erroneous because Plaintiff did not sue the state of South Carolina, but rather, sued a state agency. Plaintiff's objection is without merit. Eleventh Amendment state immunity extends to state agencies and instrumentalities such as Defendant Vital Records Department. See Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 280 (1977). Lastly, Plaintiff states that the court must refund his $350.00 filing fee if the Clerk of Court is not going to issue a summons. Plaintiff's objection is without merit, because the filing fee is non-refundable regardless of whether the Clerk issues a summons. Furthermore, §1915(A) authorizes the court to dismiss this action prior to the issuance of a summons.

The court has conducted a de novo review of Plaintiff's complaint. The court agrees with the Magistrate Judge's finding that Plaintiff's § 1983 suit against Defendant Vital Records Department fails because Defendant Vital Records is a state agency entitled to Eleventh Amendment immunity. Likewise, the court agrees with the Magistrate Judge's finding that Plaintiff's suit for monetary relief against Defendant Haley and Defendant Commissioner also fails, because these Defendants are immune to suit for monetary damages in their official capacities. See Cromer v. Brown, 88 F.3d 1315 (4th Cir. 1996). To the extent that Plaintiff is suing Defendant Commissioner in his individual capacity, Plaintiff has alleged no facts supporting an inference that Defendant Commissioner or his staff members committed a constitutional or federal statutory violation against Plaintiff. Lastly, as the Magistrate Judge

correctly noted, a federal district court may issue a writ of mandamus only against an employee or official of the United States.  See Gurley, 411 F.2d at 587; see also Davis v. Lansing, 851 F.2d 72 (2d 1988).  Accordingly, Plaintiff's complaint is properly subject to dismissal pursuant to 28 U.S.C. § 1915(A) for failure to state a claim upon which relief can be granted.

On March 7, 2012, Plaintiff filed a motion styled "motion to order clerk to forward summons to U.S. Marshals service for process."  The court construes this as a request that the court issue a summons to Defendants.  For the reasons stated above, the court denies Plaintiff's motion and summarily dismisses Plaintiff's complaint without the issuance of a summons.

## Conclusion

After a thorough review of the Report and Recommendation, the Plaintiff's objections, the record in its entirety, and the applicable law, the court adopts the Magistrate Judge's Report and Recommendation and incorporates it herein by reference.  Plaintiff's complaint is DISMISSED without prejudice for failure to state a claim upon which relief can be granted, pursuant to 28 U.S.C. § 1915(A).  Furthermore, Plaintiff's motion to order clerk to issue a summons is denied (ECF No. 15).

**IT IS SO ORDERED.**

s/ Margaret B. Seymour
Margaret B. Seymour
Chief United States District Judge

April 10, 2012
Columbia, South Carolina

7